UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

LIONEL McCRAY,

                Plaintiff,

    v.

SUPERINTENDENT WILLIAM LEE,
WATCH COMMANDER LT. PLIMLEY,
SERGEANT KUTZ,

                Defendants.

No. 16-CV-1730 (KMK)

OPINION & ORDER

Appearances:

Lionel McCray
Auburn, NY
*Pro Se Plaintiff*

Bradley G. Wilson, Esq.
Office of the Attorney General of the State of New York
New York, NY
*Counsel for Defendants*

KENNETH M. KARAS, District Judge:

      Plaintiff Lionel McCray ("Plaintiff"), currently an inmate at Auburn Correctional Facility proceeding pro se, brings this Action against Superintendent William Lee ("Lee"), Watch Commander Lt. Plimley ("Plimley") and Sergeant Kutz ("Kutz," and collectively, "Defendants"), for violation of Plaintiff's rights under the Eighth Amendment and New York State law. Before the Court is Defendants' Motion To Dismiss pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6) (the "Motion"). (*See* Dkt. No. 44.) For the reasons to follow, Defendants' Motion is granted.

I. Background

A. Factual Background

The following facts are drawn from Plaintiff's Amended Complaint and are taken as true for the purpose of deciding the instant Motion.

On February 20, 2014, at approximately 10:10 a.m., Plaintiff was in the "G and H block recreational yard" of Green Haven Correctional Facility ("Green Haven"). (Am. Compl. ¶ 12 (Dkt. No. 20).) Plaintiff was "walk[ing] down the narrow . . . walkway between H block and the handball court . . . [and] tr[ying] to avoid an about three feet long frozen solid sheet of ice on the yard walkway floor," when he "slipped on the frozen icy walkway and fell." (*Id.* ¶ 13.) "[I]n an attempt to save his hands and face from injury," Plaintiff "folded himself . . . and braced for impact [of] the walkway floor, thereby landing on his left shoulder." (*Id.*) Upon impact, "Plaintiff heard a pop from his ankle area." (*Id.*)

"Plaintiff limped back to E block" where he "remov[ed] his boot and show[ed] [a correctional] officer his swollen left ankle," and "requested an emergency sick-call." (*Id.* ¶ 15.) A doctor at Green Haven "took an incident report and issued Plaintiff a bandage and some painkillers." (*Id.* ¶ 16.) "Plaintiff['s] health care provider ordered an [x]-ray and MRI after Plaintiff fil[]ed a grievance for lack of adequate medical care." (*Id.*)

Plaintiff avers that "[t]here was no storm in progress at the time of [his] slip and fall," (*id.* ¶ 14), and that Defendant Kutz, "who[] was charged with supervision of . . . [i]nmates in the G and H yard on February 20[], 2014, showed complete indifference to [i]nmates['] safety" by allowing the walkways to remain "unsanded or de-iced." (*Id.* ¶ 11.)

Plaintiff further alleges that "Defendants failed to use [o]rdinary care to furnish . . . Plaintiff and other [i]nmates with a reasonably safe place to observe recreation and to perform

. . . exercise," (*id.* ¶ 18), and that "[a]s a direct and proximate result of one of more of the . . . acts of . . . [D]efendants['] recklessness and deliberate indifference," Plaintiff suffered permanent and severe injuries to his left ankle and left shoulder, "which has caused Plaintiff to suffer great bodily and mental pains," (*id.* ¶ 17).

Plaintiff requests declaratory and injunctive relief, as well as compensatory and punitive damages and attorney's fees. (*See id.* at 10.) Plaintiff also requests that this Court "charge . . . [D]efendant . . . Lee for the [c]riminal offense of [r]eckless [e]ndangerment in the [f]irst degree." (*Id.*)

B. Procedural History

Plaintiff filed his Complaint on March 7, 2016. (*See* Dkt. No. 2.) On May 23, 2016, Plaintiff filed an application for the Court to request pro bono counsel, (*see* Dkt. No. 8), which the Court denied without prejudice on June 7, 2016, (*see* Dkt. No. 10). Plaintiff filed the Amended Complaint on August 4, 2016. (*See* Dkt. No. 20.)

Since filing the Amended Complaint, Plaintiff has made several motions to the Court, including a renewed application requesting counsel, (*see* Dkt. No. 29), a letter informing the Court that his mail has been ordered intercepted and requesting that the Court "divert[] [his case] to the Southern District Alternative Dispute Resolution Program," (*see* Dkt. No. 30), a motion to certify Plaintiff's case as a class action, (*see* Dkt. No. 33), a motion for a preliminary injunction and for expedited discovery, (*see* Dkt. No. 37), a motion requesting the Court to take judicial notice, (*see* Dkt. No. 47), and a motion for leave to file a Second Amended Complaint, (Dkt. No. 49).

On January 4, 2017, Defendants filed the instant Motion To Dismiss and accompanying memorandum of law. (*See* Dkt. Nos. 44–45.) Plaintiff filed his opposition to Defendants'

3

Motion on February 1, 2017, (*see* Dkt. No. 52), and Defendants filed their reply on February 16, 2017, (*see* Dkt. No. 53).

## II. Discussion

### A. Standard of Review

Defendants move to dismiss Plaintiff's Amended Complaint pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6). (*See* Mem. of Law in Supp. of the Defs.' Mot. To Dismiss ("Defs.' Mem.") 1 (Dkt. No. 45).)

"The standards of review for a motion to dismiss under Rule 12(b)(1) for lack of subject matter jurisdiction and under 12(b)(6) for failure to state a claim are substantively identical." *Gonzalez v. Option One Mortg. Corp.*, No. 12-CV-1470, 2014 WL 2475893, at *2 (D. Conn. June 3, 2014) (internal quotation marks omitted); *see also Neroni v. Coccoma*, No. 13-CV-1340, 2014 WL 2532482, at *4 (N.D.N.Y. June 5, 2014) (same), *aff'd*, 591 F. App'x 28 (2d Cir. 2015). "In deciding both types of motions, the Court must accept all factual allegations in the complaint as true, and draw inferences from those allegations in the light most favorable to the plaintiff." *Gonzalez*, 2014 WL 2475893, at *2 (internal quotation marks omitted); *see also Seemann v. U.S. Postal Serv.*, No. 11-CV-206, 2012 WL 1999847, at *1 (D. Vt. June 4, 2012) (same). However, "[o]n a Rule 12(b)(1) motion, . . . the party who invokes the Court's jurisdiction bears the burden of proof to demonstrate that subject matter jurisdiction exists, whereas the movant bears the burden of proof on a motion to dismiss under Rule 12(b)(6)." *Gonzalez*, 2014 WL 2475893, at *2; *see also Sobel v. Prudenti*, 25 F. Supp. 3d 340, 352 (E.D.N.Y. 2014) ("In contrast to the standard for a motion to dismiss for failure to state a claim under Rule 12(b)(6), a plaintiff asserting subject matter jurisdiction has the burden of proving by a preponderance of the evidence that it exists." (internal quotation marks omitted)). This allocation of the burden of

proof is "[t]he only substantive difference" between the standards of review under these two rules. *Smith v. St. Luke's Roosevelt Hosp.*, No. 08-CV-4710, 2009 WL 2447754, at *9 n.10 (S.D.N.Y. Aug. 11, 2009), *adopted by* 2009 WL 2878093 (S.D.N.Y. Sept. 2, 2009); *see also Fagan v. U.S. Dist. Court for S. Dist. of N.Y.*, 644 F. Supp. 2d 441, 446–47 & n.7 (S.D.N.Y. 2009) (same).

 1. Rule 12(b)(1)

"A federal court has subject matter jurisdiction over a cause of action only when it has authority to adjudicate the cause pressed in the complaint." *Bryant v. Steele*, 25 F. Supp. 3d 233, 241 (E.D.N.Y. 2014) (internal quotation marks omitted). "Determining the existence of subject matter jurisdiction is a threshold inquiry[,] and a claim is properly dismissed for lack of subject matter jurisdiction under Rule 12(b)(1) when the district court lacks the statutory or constitutional power to adjudicate it." *Morrison v. Nat'l Austl. Bank Ltd.*, 547 F.3d 167, 170 (2d Cir. 2008) (internal quotation marks omitted), *aff'd*, 561 U.S. 247 (2010); *see also Butler v. Ross*, No. 16-CV-1282, 2016 WL 3264134, at *3 (S.D.N.Y. June 14, 2016) (same). Nevertheless, "[u]nlike Article III standing, which ordinarily should be determined before reaching the merits, statutory standing may be assumed for the purposes of deciding whether the plaintiff otherwise has a viable cause of action." *Coan v. Kaufman*, 457 F.3d 250, 256 (2d Cir. 2006) (citation omitted). While a district court resolving a motion to dismiss under Rule 12(b)(1) "must take all uncontroverted facts in the complaint . . . as true, and draw all reasonable inferences in favor of the party asserting jurisdiction," "where jurisdictional facts are placed in dispute, the court has the power and obligation to decide issues of fact by reference to evidence outside the pleadings, such as affidavits," in which case "the party asserting subject matter jurisdiction has the burden of proving by a preponderance of the evidence that it exists." *Tandon v. Captain's Cove Marina*

5

*of Bridgeport, Inc.*, 752 F.3d 239, 243 (2d Cir. 2014) (alteration and internal quotation marks omitted); *see also Ray Legal Consulting Grp. v. Gray*, 37 F. Supp. 3d 689, 696 (S.D.N.Y. 2014) ("[W]here subject matter jurisdiction is contested a district court is permitted to consider evidence outside the pleadings, such as affidavits and exhibits.").

    2.  Rule 12(b)(6)

"While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the grounds of his [or her] entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citations, alteration, and internal quotation marks omitted). Indeed, Rule 8 of the Federal Rules of Civil Procedure "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "Nor does a complaint suffice if it tenders naked assertions devoid of further factual enhancement." *Id.* (alteration and internal quotation marks omitted). Instead, a complaint's "[f]actual allegations must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555. Although "once a claim has been stated adequately, it may be supported by showing any set of facts consistent with the allegations in the complaint," *id.* at 563, and a plaintiff must allege "only enough facts to state a claim to relief that is plausible on its face," *id.* at 570, if a plaintiff has not "nudged [his or her] claim[] across the line from conceivable to plausible, the[] complaint must be dismissed," *id.*; *see also Iqbal*, 556 U.S. at 679 ("Determining whether a complaint states a plausible claim for relief will . . . be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense. But where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not 'show[n]'—'that the

pleader is entitled to relief.'" (citation omitted) (second alteration in original) (quoting Fed. R. Civ. P. 8(a)(2))); *id.* at 678–79 ("Rule 8 marks a notable and generous departure from the hypertechnical, code-pleading regime of a prior era, but it does not unlock the doors of discovery for a plaintiff armed with nothing more than conclusions.").

"[W]hen ruling on a defendant's motion to dismiss, a judge must accept as true all of the factual allegations contained in the complaint." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam); *see also Nielsen v. Rabin*, 746 F.3d 58, 62 (2d Cir. 2014) ("In addressing the sufficiency of a complaint we accept as true all factual allegations . . . . " (internal quotation marks omitted)); *Aegis Ins. Servs., Inc. v. 7 World Trade Co.*, 737 F.3d 166, 176 (2d Cir. 2013) ("In reviewing a dismissal pursuant to Rule 12(b)(6), we . . . accept all factual allegations in the complaint as true . . . ." (alteration and internal quotation marks omitted)). Further, "[f]or the purpose of resolving [a] motion to dismiss, the Court . . . draw[s] all reasonable inferences in favor of the plaintiff." *Daniel v. T & M Prot. Res., Inc.*, 992 F. Supp. 2d 302, 304 n.1 (S.D.N.Y. 2014) (citing *Koch v. Christie's Int'l PLC*, 699 F.3d 141, 145 (2d Cir. 2012)).

Where, as here, a plaintiff proceeds pro se, the Court must "construe[] [his complaint] liberally and interpret[] [it] to raise the strongest arguments that [it] suggest[s]." *Sykes v. Bank of Am.*, 723 F.3d 399, 403 (2d Cir. 2013) (per curiam) (internal quotation marks omitted); *see also Farzan v. Wells Fargo Bank, N.A.*, No. 12-CV-1217, 2013 WL 6231615, at *12 (S.D.N.Y. Dec. 2, 2013) (same), *aff'd sub nom. Farzan v. Genesis 10*, 619 F. App'x 15 (2d Cir. 2015). In deciding a motion to dismiss a pro se complaint, it is appropriate to consider "materials outside the complaint to the extent that they are consistent with the allegations in the complaint," *Alsaifullah v. Furco*, No. 12-CV-2907, 2013 WL 3972514, at *4 n.3 (S.D.N.Y. Aug. 2, 2013) (internal quotation marks omitted), including "documents that a pro se litigant attaches to his

opposition papers," *Agu v. Rhea*, No. 09-CV-4732, 2010 WL 5186839, at *4 n.6 (E.D.N.Y. Dec. 15, 2010) (italics omitted); *see also Walker v. Schult*, 717 F.3d 119, 122 n.1 (2d Cir. 2013) (noting that a court may consider "factual allegations made by a pro se party in his papers opposing the motion" (italics omitted)). However, "the liberal treatment afforded to pro se litigants does not exempt a pro se party from compliance with relevant rules of procedural and substantive law." *Bell v. Jendell*, 980 F. Supp. 2d 555, 559 (S.D.N.Y. 2013) (internal quotation marks omitted); *see also Caidor v. Onondaga County*, 517 F.3d 601, 605 (2d Cir. 2008) ("[P]ro se litigants generally are required to inform themselves regarding procedural rules and to comply with them." (italics and internal quotation marks omitted)).

B. Analysis

It is axiomatic that "[t]he conditions of a prisoner's confinement can give rise to an Eighth Amendment violation." *Phelps v. Kapnolas*, 308 F.3d 180, 185 (2d Cir. 2002) (per curiam) (citing *Farmer v. Brennan*, 511 U.S. 825, 828 (1994)). "In such cases, a prisoner may prevail only where he proves both an objective element—that the prison officials' transgression was 'sufficiently serious'—and a subjective element—that the officials acted, or omitted to act, with a 'sufficiently culpable state of mind,' i.e., with 'deliberate indifference to inmate health or safety.'" *Id.* (quoting *Farmer*, 511 U.S. at 834 (italics omitted)); *see also Garcia v. Fischer*, No. 13-CV-8196, 2016 WL 297729, at *4 (S.D.N.Y. Jan. 22, 2016).[1]

---

[1] The status of a plaintiff as either a convicted prisoner or pretrial detainee dictates whether his conditions of confinement are analyzed under the Eighth or Fourteenth Amendment. Until recently, "[c]laims for deliberate indifference to a . . . serious threat to the health or safety of a person in custody [were] analyzed under the same standard irrespective of whether they [we]re brought under the Eighth or Fourteenth Amendment." *Caiozzo v. Koreman*, 581 F.3d 63, 72 (2d Cir. 2009). However, the Second Circuit's recent decision in *Darnell v. Pineiro*, 849 F.3d 17 (2d Cir. 2017) overruled *Caiozzo* "to the extent that it determined that the standard for deliberate indifference is the same under the Fourteenth Amendment as it is under the Eighth

8

To satisfy the "objective" prong, "a plaintiff must show that 'the conditions, either alone or in combination, pose an unreasonable risk of serious damage to [an inmate's] health,' which can be satisfied if an inmate is deprived of 'basic human needs such as food, clothing, medical care, and safe and sanitary living conditions.'" *Aikens v. Royce*, No. 14-CV-663, 2016 WL 5720792, at *6 n.10 (S.D.N.Y. Sept. 30, 2016) (quoting *Walker*, 717 F.3d at 125). "Ultimately, to establish the objective element of an Eighth Amendment claim, a prisoner must prove that the conditions of his confinement violate contemporary standards of decency." *Phelps*, 308 F.3d at 185. "[O]nly those deprivations denying 'the minimal civilized measure of life's necessities,' are sufficiently grave to form the basis of an Eighth Amendment violation." *Wilson v. Seiter*, 501 U.S. 294, 298 (1991) (citation omitted) (quoting *Rhodes v. Chapman*, 452 U.S. 337, 347 (1981)); *see also Blyden v. Mancusi*, 186 F.3d 252, 263 (2d Cir. 1999) ("Because society does not expect or intend prison conditions to be comfortable, only extreme deprivations are sufficient to sustain a 'conditions-of-confinement' claim.).")

Under the "subjective" element, "a defendant 'cannot be found liable under the Eighth Amendment for denying an inmate humane conditions of confinement unless the official knows of and disregards an excessive risk to inmate health or safety; the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference.'" *Aikens*, 2016 WL 5720792, at *6 n.10 (quoting *Phelps*, 308

---

Amendment." *Id.* at 35. While the decision in *Darnell* set forth a new analysis for claims brought by pretrial detainees, *see id.*, the analysis under the Eighth Amendment remains intact.
  Plaintiff's Amended Complaint and the briefing on the instant Motion did not indicate whether Plaintiff was a convicted prisoner or a pretrial detainee at the time of the alleged violations. Accordingly, in an abundance of caution, in an Order dated April 5, 2017, the Court instructed the Parties to inform the Court of Plaintiff's status. (*See* Order (Dkt. No. 56).) Pursuant to these instructions, both Plaintiff and Defendants confirmed that Plaintiff was a convicted prisoner on February 20, 2014. (*See* Dkt. Nos. 57–58.) Accordingly, the Court analyzes Plaintiff's claims under the Eighth Amendment standard.

F.3d at 185–86). "A prison official may be found to have had a sufficiently culpable state of mind if he participated directly in the alleged event, or learned of the inmate's complaint and failed to remedy it, or created or permitted a policy that harmed the inmate, or acted with gross negligence in managing subordinates." *Id.* (internal quotation marks omitted). Allegations of mere negligence by prison officials will not support a claim under the Eighth Amendment. *See Edwards v. City of New York*, No. 08-CV-5787, 2009 WL 2596595, at *2 (S.D.N.Y. Aug. 24, 2009) (citing *County of Sacramento v. Lewis*, 523 U.S. 833, 849 (1998); *Farmer*, 511 U.S. at 836; *Daniels v. Williams*, 474 U.S. 327, 328 (1986)).

Here, Plaintiff's claims do not rise to the level of a constitutional violation. "[I]n prisons—where the conditions of confinement are not voluntary or recreational . . . —courts have found that 'slip-and-fall plaintiffs' do not state a cognizable claim under the Eighth Amendment." *Korotkova v. United States*, 990 F. Supp. 2d 324, 330 (E.D.N.Y. 2014); *see also Clayton v. Morgan*, 501 F. App'x 174, 176 (3d Cir. 2012) (per curiam) ("Although black ice in the prison yard is less than desirable, [the defendant's] decision to permit inmates to use the yard in spite of the presence of black ice falls short of the type of conduct that would constitute an Eighth Amendment violation."); *Martinez v. Schriro*, No. 14-CV-3965, 2017 WL 87049, at *5 (S.D.N.Y. Jan. 9, 2017) ("As courts in this circuit have regularly found, wet floor conditions that cause a prisoner to slip and fall do not constitute an Eighth Amendment violation."); *Cherry v. Spoato*, No. 15-CV-1832, 2015 WL 2089588, at *4 (E.D.N.Y. May 5, 2015) (finding that allegations by a prisoner that there was "no salt on the ground and ice was present . . . do not constitute a constitutional deprivation" (internal quotation marks omitted)); *Martin v. City of New York*, No. 11-CV-600, 2012 WL 1392648, at *9 (S.D.N.Y. Apr. 20, 2012) (dismissing complaint that alleged that the plaintiff slipped and fell on a wet floor while wearing ill-fitting

10

shoes); *Rümmer v. North Dakota*, No. 12-CV-20, 2012 WL 6044713, at *6 (D.N.D. Mar. 27, 2012) (holding that "occasional slippery conditions resulting from winter snow and ice" are "a hazard shared by inmates and staff alike" and that "[a]t most, [the plaintiff's] complaint allege[d] that [the] defendants were negligent" and "[s]uch allegations are insufficient to state claim under the Eighth Amendment"), *adopted by* 2012 WL 6044720 (D.N.D. Dec. 5, 2012); *Carr v. Canty*, No. 10-CV-3829, 2011 WL 309667, *2 (S.D.N.Y. Jan. 19, 2011) (report & recommendation) ("[C]ourts have held that allegations of wet conditions leading to a slip-and-fall will not support a [§] 1983 claim even where . . . the plaintiff . . . alleges that the individual defendants had notice of the wet condition but failed to address it." (internal quotation marks omitted)); *Hawkins v. Nassau Cnty. Corr. Facility*, 781 F. Supp. 2d 107, 113 (E.D.N.Y. 2011) ("[T]he alleged water in the shower area [did] not deprive [the] plaintiff of a basic human need and, thus, cannot as a matter of law give rise to a constitutional violation that can be brought under [§] 1983."); *Flowers v. City of New York*, 668 F. Supp. 2d 574, 578 (S.D.N.Y. 2009) ("Any claim against the [c]ity for the slip and fall that resulted in [the] plaintiff's ankle injury—a garden variety tort—is not cognizable under [§] 1983 . . . ."); *Edwards*, 2009 WL 2596595, at *2–3 (granting a motion to dismiss where the plaintiff slipped and fell on a wet hallway floor) (collecting cases); *Heredia v. Doe*, 473 F. Supp. 2d 462, 463 (S.D.N.Y. 2007) (dismissing a § 1983 claim based on an allegation that the plaintiff "slipped and fell while walking to his cell" because "the pleadings fail to state facts which constitute anything more than a claim for negligence, for which there is no cause of action under . . . § 1983"); *Sylla v. City of New York*, No. 04-CV-5692, 2005 WL 3336460, at *3–5 (E.D.N.Y. Dec. 8, 2005) (allegations that the plaintiff slipped after being

directed to use a bathroom with a wet floor failed to state a claim under the Eighth Amendment).[2]

Because Plaintiff's complaint fails to allege a "sufficiently serious" deprivation, *Wilson*, 501 U.S. at 298, the Court need not address whether Defendants acted (or failed to act) with a "sufficiently culpable state of mind" as to constitute "deliberate indifference to inmate health or safety." *Farmer*, 511 U.S. at 834 (internal quotation marks omitted).[3] Accordingly, Plaintiff's Eighth Amendment claim is dismissed.[4]

---

[2] In those cases where a claim of this nature has survived a motion to dismiss, exceptional circumstances have warranted deviation from "the general rule barring Eighth Amendment liability in prison slip and fall cases." *Reynolds v. Powell*, 370 F.3d 1028, 1032 (10th Cir. 2004). For example, courts have let survive claims that the plaintiff was forced by prison officials to walk on icy areas. *See Akers v. Wexford Health Sources, Inc.*, No. 14-CV-997, 2014 WL 5023361, at *5 (S.D. Ill. Oct. 7, 2014) (denying the defendants' motion to dismiss where, according to the plaintiff's complaint, "one or more of the defendants . . . '*ordered*' him and the rest of the prisoners to walk over the ice in order to get to the dining hall, despite their knowledge of the 'obvious environmental hazard'"). Such circumstances are not present in the instant Action.

[3] It bears noting that Plaintiff's claim that "Defendants failed to use [o]rdinary care to furnish . . . Plaintiff and other [i]nmates with a reasonably safe place to observe recreation and to perform . . . exercise . . . [or] provide a safe alternative" is insufficient to state a claim. (Am. Compl. ¶ 18.) "[T]emporary limitations on access to exercise, without full denial of opportunities, does not violate the Eighth Amendment." *Burns v. Martuscello*, No. 13-CV-486, 2015 WL 541293, at *12 (N.D.N.Y. Feb. 10, 2015). Had Defendants chosen to temporarily restrict access to the recreation yard due to the presence of ice, such a restriction would not be "based on a culpable state of mind or deliberate indifference to [Plaintiff's] health or safety, but the legitimate penological interest of waiting until the yard was cleared of ice and snow so that it would be safe for inmates to use." *Id.*

[4] Defendants contend that even were the Court to find that Plaintiff has sufficiently pleaded a claim for violation of his Eighth Amendment rights, Plaintiff's case should be dismissed on qualified immunity grounds. (*See* Defs.' Mem. 8–9.) The doctrine of qualified immunity generally shields "government officials from liability for civil damages insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known." *Pearson v. Callahan*, 555 U.S. 223, 231 (2009) (internal quotation marks omitted). This protection attaches "only if (a) the defendant[s'] action[s] did not violate clearly established law, or (b) it was objectively reasonable for the defendant[s] to believe that [their] action[s] did not violate such law." *Coggins v. Buonora*, 776 F.3d 108, 114 (2d Cir. 2015) (internal quotation marks omitted). In this context, a court "is guided by two questions:

C. State Law Claims

Plaintiff further alleges that Defendant Lee "violated New York State [l]aw of [c]riminal [r]eckless [e]ndangerment in the first degree and [New York] Corrections Law [§] 70" and that Defendants Plimley and Kutz "violated [New York] State [l]aw of negligence and [New York] Corrections Law [§] 70." (Am. Compl. ¶¶ 22, 25.) The Court declines to exercise supplemental jurisdiction over any such claims because the Court has dismissed Plaintiff's federal claims. *See United Mine Workers of Am. v. Gibbs*, 383 U.S. 715, 726 (1996) ("Certainly, if the federal claims are dismissed before trial, . . . the state claims should be dismissed as well."); *McGugan v. Aldana-Bernier*, No. 11-CV-342, 2012 WL 1514777, at *8 (E.D.N.Y. Apr. 30, 2012) ("[W]hen all federal claims are eliminated in the early stages of litigation, the balance of factors generally favors declining to exercise pendent jurisdiction over remaining state law claims and dismissing them without prejudice."), *aff'd*, 752 F.3d 224 (2d Cir. 2014). If Plaintiff can resuscitate his federal claims, the Court may reconsider the fate of Plaintiff's state law claims.

Moreover, under criminal statutes, no private right of action exists unless there is a clear statutory basis for such an inference. *See Cort v. Ash*, 422 U.S. 66, 79–80 (1975). The text of New York Penal Law § 120.25, reckless endangerment in the first degree, makes no reference to a civil cause of action. *See generally* N.Y. Penal Law § 120.25; *see also Smith v. N.Y.C. Police Dep't*, No. 06-CV-15436, 2010 WL 2008839, at *1 (S.D.N.Y. May 17, 2010) (holding that

---

first, whether the facts show that the defendants' conduct violated [the] plaintiffs' constitutional rights, and second, whether the right was clearly established at the time of the defendants' actions." *Golodner v. Berliner*, 770 F.3d 196, 201 (2d Cir. 2014) (alterations and internal quotation marks omitted). Here, the Court need not determine whether qualified immunity attaches because, as discussed *supra*, Plaintiff has not plausibly pled that Defendants violated his constitutional rights. *See Posr v. City of New York*, No. 10-CV-2551, 2013 WL 2419142, at *10 n.8 (S.D.N.Y. June 4, 2013) ("Because [the defendant] did not violate [the] [p]laintiff's Fourth Amendment rights, there is no need to consider if [the defendant] is entitled to qualified immunity."), *aff'd sub nom. Posr v. Ueberbacher*, 569 F. App'x 32 (2d Cir. 2014).

reckless endangerment is a "criminal offense[] for which an individual lacks a private right of action"). Because "there [i]s nothing more than a bare criminal statute, with absolutely no indication that civil enforcement of any kind was available to anyone," *Cort*, 422 U.S. at 79–80, Plaintiff's claims against Defendant Lee for reckless endangerment are dismissed for failure to state a claim.[5]

D. Additional Motions

In addition to the instant Motion, pending before this Court are several motions filed by Plaintiff, including a renewed application for the Court to request pro bono counsel, (*see* Dkt. No. 29), a motion for preliminary injunction and expedited discovery, (*see* Dkt. No. 37), a motion to take judicial notice, (*see* Dkt. No. 47), and a motion for leave to file a Second Amended Complaint, (*see* Dkt. No. 49).

Plaintiff's application for the Court to request pro bono counsel is denied without prejudice for the reasons stated in the Court's previous Order. (*See* Dkt. No. 10.)

The motion for preliminary injunction and expedited discovery and the motion to take judicial notice are denied without prejudice as moot, pursuant to this Opinion & Order.

As to Plaintiff's motion for leave to file a Second Amended Complaint, that motion is denied without prejudice, but in light of Plaintiff's pro se status, and because this is the first adjudication of Plaintiff's claims on the merits, Plaintiff will be permitted to file a Second Amended Complaint.

---

[5] Additionally, the Court denies Plaintiff's request for attorney's fees, (*see* Am. Compl. 10), because "a pro se litigant who is not a lawyer is not entitled to attorney's fees," *Kay v. Ehrler*, 499 U.S. 432, 435 (1991) (italics omitted).

## III. Conclusion

For the foregoing reasons, Defendants' Motion To Dismiss is granted. If Plaintiff wishes to file an Amended Complaint alleging additional facts and otherwise addressing the deficiencies identified above, Plaintiff must do so within 30 days of the date of this Opinion & Order. The failure to do so may result in the dismissal of Plaintiff's claims with prejudice.

The Clerk of Court is respectfully directed to terminate the pending Motions. (*See* Dkt. Nos. 29, 37, 44, 47, 49.)

SO ORDERED.

DATED: May __, 2017
          White Plains, New York

_____
KENNETH M. KARAS
UNITED STATES DISTRICT JUDGE