UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------- X
Lionel MCCRAY,

                             Plaintiff,                  16-CV-01730 (KMK)

    - against -                                ORDER

Superintendent William LEE, ET AL.,

                            Defendants.
------------------------------------------------------------- X

KENNETH M. KARAS, United States District Judge:

    Plaintiff, currently an inmate in the custody of the New York State Department of Corrections and Community Supervision (DOCCS), at Mid-State Correctional Facility ("Mid-State"), brings this pro se action under 42 U.S.C. § 1983, alleging that the defendants violated his rights under the Eighth Amendment during the Winter of 2014, by refusing to clear ice and snow from Green Haven Correctional Facility's outdoor yards, thereby denying plaintiff the ability to exercise.

    WHEREAS, by Order, dated July 16, 2020 Order, see Docket No. 90, the Court directed the Office of the New York State Attorney General to respond by July 20, 2020, to plaintiff's July 8, 2020 letter to the Court alleging that he is being denied his legal work while in Mid-State's Special Housing Unit ("SHU"); and

    WHEREAS, the response to the Court's July 16, 2020 Order implicates plaintiff's mental and medical health; and

    WHEREAS, a covered entity under the Health Insurance Portability and Accountability Act may disclose protected health information in the course of a judicial proceeding in response to a Court order (See 45 C.F.R. § 164.512(1)(i)); and

WHEREAS, the Court finds that the interests of justice would be served by the disclosure of Plaintiff's medical and mental health records, and such interests significantly outweigh the patient's interest in complete confidentiality (*See* N.Y. Mental Hyg. Law § 33.13(c)(1)).

NOW, THEREFORE, the Court orders the following:

DOCCS shall release all of Plaintiff's health records and information in its possession, including any confidential HIV information, to the Office of the Attorney General and to this Court;

The New York State Office of Mental Health ("OMH") shall release all of Plaintiff's mental health records and information in its possession to the Office of the Attorney General and to this Court;

Plaintiff's DOCCS and OMH health care providers shall provide records and information upon request to Defendants' counsel and to this Court regarding Plaintiff's alleged medical and mental health conditions and issues;

Upon request by the Court, the Office of the Attorney General shall provide to the Court any relevant information they receive from Plaintiff's medical and mental health care providers regarding his alleged medical and mental health issues.

SO ORDERED.

Dated: July 21, 2020
White Plains, New York

KENNETH M. KARAS
United States District Judge