UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

LIONEL McCRAY,

                Plaintiff,

-v-

SUPERINTENDENT WILLIAM LEE, *et al.*,

                Defendants.

16-CV-1730 (KMK)

ORDER

KENNETH M. KARAS, United States District Judge:

    Plaintiff Lionel McCray ("Plaintiff"), brings this pro se Action, pursuant to 42 U.S.C. § 1983, against Superintendent William Lee, Sergeant Kutz, and Watch Commander Lt. Plimey (collectively, "Defendants"), alleging violations of his Eighth Amendment rights in connection with Defendants' failure to maintain the grounds during the winter months at Green Haven Correctional Facility ("Green Haven"). (*See* SAC (Dkt. No. 60).) Before the Court is Plaintiff's renewed Application for the appointment of pro bono counsel. (App. (Dkt. No. 89).)

## I. Background

    On May 23, 2016, Plaintiff filed his first Application for pro bono counsel. (*See* Dkt. No. 8).) On June 21, 2016, the Court denied the Application without prejudice, explaining that Plaintiff had not "demonstrated undue difficulty pursuing his case without the assistance of counsel," that his case was not overly "complex or unique," and that Plaintiff had contacted only a legal aid project and law office seeking representation. (June 7, 2016 Order 3–5 (Dkt. No. 10).) Plaintiff renewed his Application on October 20, 2016. (Dkt. No. 29.) Several months later, on May 28, 2017, the Court issued an Opinion & Order dismissing Plaintiff's claims without prejudice, and again denying without prejudice Plaintiff's renewed request for

appointment of pro bono counsel "for the reasons stated" in the June 7, 2016 Order. (May 28, 2017 Opinion & Order 14 (Dkt. No. 59).)

On June 14, 2017, Plaintiff filed his Second Amended Complaint. (*See* SAC.) On March 29, 2018, the Court dismissed Plaintiff's claims with prejudice, explaining that Defendants' alleged conduct in causing Plaintiff's "slip and fall," and in depriving Plantiff of adequate exercise, did not constitute Eighth Amendment violations. (*See generally* March 29, 2018 Opinion & Order (Dkt. No 76).)

On June 18, 2020, the Second Circuit vacated the judgment of this Court "insofar as it (a) dismissed McCray's claims seeking damages under the Eighth Amendment for denial of a meaningful opportunity for physical exercise, and (b) declined to exercise supplemental jurisdiction over McCray's state-law claims." (Circuit Decision (Dkt. No. 81).) The Second Circuit explained, *inter alia*, that Plaintiff possessed a clearly established right not to be deprived of "any meaningful opportunity for physical exercise for four months," that no legitimate penological reason for the deprivation was apparent, and that Plaintiff had in fact sought damages (rather than just injunctive relief) in connection with his denial-of-exercise claim. (*See id.* at 13–20.) The Second Circuit therefore remanded the case, and further directed:

> Because it is unclear from the Complaint whether McCray intended to assert his denial-of-exercise claim also against Kutz, that issue should be explored further by the district court on remand, including through a potential request that McCray, in order to avoid entry of a Rule 12(b)(6) dismissal of that claim as to Kutz, amend the Complaint to state facts showing the plausibility of such a claim against Kutz.

(*Id.* at 21.)

On July 14, 2020, Plaintiff again renewed his Application for pro bono counsel. (Dkt. No. 89.) Plaintiff argues that the Court should appoint counsel because (1) he is "an inmate prisoner currently in SHU . . .[and] is also currently being denied access to his

2

legal documents"; (2) "Defendants are prison officials who[] continue to retaliate against Plaintiff"; (3) he "cannot properly move the matter forward nor conduct discovery with the aid of an attorney"; and (4) he "cannot afford the cost" of an attorney. (*Id.*)

## II. Discussion

Although there is not a constitutional right to counsel in civil cases, the Court has the authority to appoint counsel for indigent parties. *See* 28 U.S.C. § 1915(e)(1). Yet, "[b]road discretion lies with the district judge in deciding whether to appoint counsel pursuant to this provision." *Hodge v. Police Officers*, 802 F.2d 58, 60 (2d Cir. 1986). When analyzing whether appointment of counsel is appropriate, the Court should undertake a two-step inquiry. *See Ferrelli v. River Manor Health Care Ctr.*, 323 F.3d 196, 203 (2d Cir. 2003). First, the Court "should . . . determine whether the indigent's position seems likely to be of substance." *Id.* (quoting *Hodge*, 802 F.2d at 61); *see also Johnston v. Maha*, 606 F.3d 39, 41 (2d Cir. 2010) ("This Court considers motions for appointment of counsel by asking first whether the claimant has met a threshold showing of some likelihood of merit." (quotation marks omitted)). In other words, the claim must not be so "highly dubious" that the plaintiff appears to have no chance of success. *Hodge*, 802 F.2d at 60 (quotation marks omitted). In making this determination, the Court construes pleadings drafted by pro se litigants liberally, and interprets them to raise the strongest arguments that they suggest. *See Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006); *Sommersett v. City of N.Y.*, 679 F. Supp. 2d 468, 472 (S.D.N.Y. 2010).

If the threshold requirement is met, the Court should consider other prudential factors such as Plaintiff's

> ability to investigate the crucial facts, whether conflicting evidence implicating the need for cross-examination will be the major proof presented [to the fact finder], the indigent's ability to present the case, the complexity of the legal issues and any

3

special reason . . . why appointment of counsel would be more likely to lead to a just determination.

*Ferrelli*, 323 F.3d at 203–04 (quoting *Hodge*, 802 F.2d at 61–62); *see also Garcia v. USICE (Dep't of Homeland Sec.)*, 669 F.3d 91, 98–99 (2d Cir. 2011) (listing *Hodge* factors).

Here, the Court assumes for the purposes of the instant Motion that Plaintiff's claims have "some likelihood of merit" such that he satisfies *Hodge*'s threshold requirement. *Johnston*, 606 F.3d at 41 (quotation marks omitted). However, turning to the second inquiry regarding prudential factors, the Court finds that Plaintiff has not shown why he needs counsel.

As explained previously, Plaintiff has not demonstrated any undue difficulty pursuing his case without the assistance of counsel. (*See* June 7, 2016 Order.) Plaintiff's submissions have been "presented with care and set forth relevant facts . . . adequately and competently," *Boston v. Brown*, No. 10-CV-1494, 2014 WL 726683, at *10 (E.D.N.Y. Feb. 24, 2014), demonstrating his ability to compile material facts and convey his arguments to the Court, *see Guzman v. Jacobson*, No. 98-CV-2865, 1999 WL 199068, at *2 (S.D.N.Y. Apr. 9, 1999) (noting that the plaintiff's amended complaint was "well drafted" and thus "demonstrates . . . that [the] plaintiff is capable of presenting his positions clearly"). While Plaintiff is, of course, not a lawyer, a "lack of legal knowledge, without more, does not provide sufficient basis to appoint counsel," *Tramun v. Ocasio*, No. 11-CV-6061, 2012 WL 1142452, at *1 (S.D.N.Y. Apr. 4, 2012); *see also West v. Brickman*, No. 07-CV-7260, 2008 WL 3303773, at *2 (S.D.N.Y. Aug. 6, 2008) (noting that a "lack of knowledge in civil law" does not justify a request for counsel (alteration omitted)). Plaintiff has "not indicated . . . what additional facts . . . could be gathered and investigated only through the aid of counsel [which] might be crucial to [Plaintiff's] ability to substantiate his claim[s]." *Guzman*, 1999 WL 199068, at *1. Additionally, while particular circumstances relating to Plaintiff's medical condition may currently limit his access to legal materials, these

circumstances and limitations are temporary. If such circumstances persist, the Court can then reconsider whether appointment of counsel is necessary. Insofar as Plaintiff suggests that any corrections official is acting to prevent Plaintiff from prosecuting his case, the Court has warned Defendants' counsel that such conduct will not be tolerated by the Court.

Next, as the Court has previously explained, Plaintiff's claims "are not so complex or unique that a person of Plaintiff's intelligence would be unable to handle them at this stage." *Mena v. City of N.Y.*, No. 12-CV-28, 2013 WL 1165554, at *2 (S.D.N.Y. Mar. 19, 2013). Particularly now, after the prior decisions of this Court and the Second Circuit have narrowed and clarified the legal and factual issues, Plaintiff should be able to prosecute his remaining claims competently. (*See* Circuit Decision at 23 (reinstating only Plaintiff's meaningful opportunity for physical exercise claim and his state law claims). Moreover, although Plaintiff's "incarceration obviously presents an obstacle for his prosecution of the case[,] . . . his complaint articulates a clear and concise statement of the facts, demonstrating his ability to present his case" at this stage in the proceedings. *Samet v. Dodrill*, No. 05-CV-8795, 2006 WL 278176, at *2 (S.D.N.Y. Feb. 3, 2006). While Plaintiff may need to cross-examine witnesses at an eventual trial, "this factor, alone, is not sufficient to warrant appointing counsel." *Worthy v. City of N.Y. Parks & Recreation*, No. 10-CV-6368, 2011 WL 1044242, at *2 (S.D.N.Y. Feb. 28, 2011).

Another factor that may be considered "concerns Plaintiff's ability and efforts to obtain counsel." *Mena*, 2013 WL 1165554, at *1. In the Court's prior denial of Plaintiff's request for pro bono counsel, the Court noted that Plaintiff claimed only to have contacted a single prisoners' rights project and a single law office. (*See* June 7, 2016 Order.) Noting that Plaintiff's search for representation "was certainly not an exhaustive one," the Court found that this factor weighed against Plaintiff. (*See id.* (citing *Mena*, 2013 WL 1165554, at *1).) In the

5

instant Application, however, Plaintiff mentions no efforts whatsoever to obtain counsel. (*See* App.) This failure too is determinative. *See Ramos v. Dep't of Correction*, No. 15-CV-1444, 2017 WL 875833, at *4 (D. Conn. Mar. 3, 2017) ("The Second Circuit has made clear that before an appointment is even considered in a civil action, an indigent litigant must demonstrate that he or she is unable to obtain counsel or legal assistance." (citing *Hodge*, 802 F.2d at 61)).

### III. Conclusion

For the reasons stated above, Plaintiff's Application is denied without prejudice. If circumstances change materially, Plaintiff may renew his request. The Clerk of the Court is respectfully directed to terminate the pending motion. (*See* Dkt. No. 89.).

Additionally, consistent with the Second Circuit's instruction, Plaintiff shall have 30 days to amend his SAC to clarify whether he "intended to assert a denial-of-exercise claim against Kutz," and to "state facts showing the plausibility of such a claim against Kutz." (Circuit Decision at 21.) If Plaintiff fails to do so, the Action will proceed on the remaining claims only.

Pursuant to the discussion at yesterday's conference, the Clerk of Court is respectfully directed to update Plaintiff's address to "Mid-State Correctional Facility, 9005 Old River Rd., PO Box 2500, Marcy NY, 13403-0216," and to mail a copy of this Order to that address.

Plaintiff is reminded that he must update the Court of any further changes in his address.

SO ORDERED.

Dated: July 23, 2020
      White Plains, New York

                                                      KENNETH M. KARAS
                                                   United States District Judge