UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

LIONEL McCRAY,

                    Plaintiff,

    v.

SUPERINTENDENT WILLIAM LEE,
SERGEANT KUTZ, WATCH
COMMANDER LT. PLIMLEY,

                    Defendants.

No. 16-CV-1730 (KMK)

OPINION & ORDER

Appearances:

Lionel McCray
Bronx, NY
*Pro Se Plaintiff*

Neil Shevlin, Esq.
Steven N. Schulman, Esq.
Bradley G. Wilson, Esq.
Office of the New York Attorney General
New York, NY
*Counsel for Defendants*

KENNETH M. KARAS, United States District Judge:

      Plaintiff Lionel McCray ("Plaintiff") brought this Action pro se under 42 U.S.C. § 1983 against various Defendants, alleging violations of his constitutional rights while he was incarcerated at Green Haven Correctional Facility ("Green Haven"). (*See* Third Am. Compl. ("TAC") (Dkt. No. 97).) Before the Court is Defendants' Motion To Dismiss pursuant to Federal Rules of Civil Procedure 37 and 41 (the "Motion"). (Not. of Mot. (Dkt. No. 175).) For the reasons that follow, the Motion is denied.

I. Background

The Court has described the allegations and procedural history of this case in three prior Opinions. (*See* Op. & Order (Dkt. No. 59); Op. & Order (Dkt. No. 76); Op. & Order (Dkt. No. 128).) The Court therefore assumes familiarity with the dispute and will provide factual and procedural background only as relevant to deciding the instant Motion.

Discovery in this Action commenced on June 1, 2022. (Order (Dkt. No. 144).) Plaintiff was released from Green Haven to parole supervision on or around September 14, 2022. (*See* Dkt. No. 163.) On October 12, 2022, the Court held a status conference with the Parties, and Plaintiff failed to appear telephonically. (Dkt. (minute entry for October 12, 2022).)

At a conference on November 4, 2022, Magistrate Judge Judith McCarthy ("Judge McCarthy") granted Defendants' request to extend the discovery deadline to November 30, 2022 to allow for Plaintiff to be deposed. (Letter from David Cheng, Esq. to Court (November 29, 2022) ("First Dep. Letter") 1 (Dkt. No. 169).)[1] On November 8, 2022, Defendants sent Plaintiff a notice of deposition for November 29, 2022 at 10:00 AM. (Decl. of David Cheng, Esq. ("Cheng Decl.") Ex. B (Dkt. No. 177-2).)

At his scheduled deposition on November 29, 2022, Defendants' counsel and a court reporter waited for over an hour, but Plaintiff did not appear. (*See* First Dep. Letter 1.)[2] The same day, Defendants submitted a letter to the Court seeking a further extension of discovery deadlines to allow for Plaintiff's deposition to be rescheduled. (*Id.*) On November 29, 2022, the Court issued the following Order:

---

[1] Unless otherwise noted, the Court cites to the ECF-stamped page number in the upper-right corner of each page.

[2] Defendants have provided a transcript of the attempted deposition. (Cheng Decl. Ex. C (Dkt. No. 177-3).)

> Plaintiff's deposition must take place by 12/15/22. If Plaintiff fails to appear again, Defense may make an application for sanctions. . . . No more extensions. This case is six years old and needs to come to a conclusion. The Clerk is to mail a copy of this letter to Plaintiff.

(Order (Dkt. No. 171).)

On December 1, 2022, Defendants sent Plaintiff a notice of rescheduled deposition for 10:00 AM on December 13, 2022. (Cheng Decl. Ex. D. (Dkt. No. 177-4).)[3] Plaintiff did not appear at a status conference before Judge McCarthy on December 2, 2022. (*See* Dkt. (minute entry for December 2, 2022).) Despite Defendants' counsel and a court reporter again waiting for over an hour, Plaintiff also failed to appear at the rescheduled deposition on December 13, 2022. (Letter from David Cheng, Esq. to Court (December 13, 2022) ("Second Dep. Letter") 1 (Dkt. No. 174).)[4] The same day, Defendants submitted a letter notifying the Court of Plaintiff's failure to appear and also providing the following information:

> [New York state parole authorities'] last contact with Plaintiff was on November 18, 2022[.] . . . Plaintiff did not answer his residence door on November 29, 2022[.] Plaintiff failed to report to the parole office as instructed on December 8, 2022[,] . . . Plaintiff was not in his residence and it had been cleared of all personal items as of December 9, 2022.

(*Id.*)[5] On December 16, 2022, the Court held a status conference, and Plaintiff failed to appear. (Dkt. (minute entry for December 16, 2022).)

---

[3] Defendants sent the notice of rescheduled deposition to the address provided by Plaintiff on the public docket by both certified mail and FedEx. The certified mail tracking information provided by the United States Postal Service ("USPS") indicates that the package was delivered on December 5, 2022. (Cheng Decl. Ex. E (Dkt. No. 177-5).) The tracking information provided by FedEx indicates that the package was delivered on December 6, 2022. (Cheng Decl. Ex. F (Dkt. No. 177-6).)

[4] Defendants have provided a transcript of the attempted deposition. (Letter from David Cheng Esq. to Court (January 4, 2023) Ex. 1 (Dkt. No. 178-1).)

[5] Defendants have also received Plaintiff's parole chrono report from New York state parole authorities and provided it to the Court. (*See* Cheng Decl. Ex. G ("Chrono Report") (Dkt. No. 177-7).) According to the report, parole authorities contacted Plaintiff's roommate on

3

Defendants moved to dismiss Plaintiff's Action pursuant to Federal Rules of Civil Procedure 37 and 41 on December 16, 2022. (*See* Not. of Mot (Dkt. No. 175).) On July 31, 2023, Defendants' counsel informed the Court that New York state parole authorities were still unaware of Plaintiff's whereabouts. (Letter from David Cheng, Esq. to Court (July 31, 2023) (Dkt. No. 180).)

## II.  Discussion

"The discovery provisions of the Federal Rules of Civil Procedure are designed to achieve disclosure of all the evidence relevant to the merits of a controversy." *Daval Steel Prods. V. M/V Fakredine*, 951 F.2d 1357, 1365 (2d Cir. 1991) (citation and quotation marks omitted). Although "[i]t is intended that this disclosure of evidence proceed at the initiative of the parties, free from the time-consuming and costly process of court intervention," *id.*, this design is not always realized. Where a party "prevent[s] disclosure of facts essential to an adjudication on the merits" by disobeying a court's discovery orders, "severe sanctions are appropriate." *Id.* The decision to impose discovery sanctions "is committed to the sound discretion of the district court and may not be reversed absent an abuse of that discretion." *Wisser v. Vox Media, Inc.*, No. 19-CV-1445, 2020 WL 1547381, at *8 (S.D.N.Y. Apr. 1, 2020) (ultimately quoting *Luft v. Crown Publishers, Inc.*, 906 F.2d 862, 865 (2d Cir. 1990)); *see also Daval Steel*, 951 F.2d at 1365 (noting a district court's "wide discretion" to impose sanctions, "including severe sanctions, under Rule 37(b)(2)").

Rule 37 of the Federal Rules of Civil Procedure "governs the district court's procedures for enforcing discovery orders and imposing sanctions for misconduct." *World Wide Polymers*,

---

December 1, 2022, and the roommate told them that he had not seen Plaintiff since Thanksgiving. (*Id.* at 3.) Parole authorities also attempted to contact Plaintiff by telephone on December 7, 2022, but his phone was no longer in working order. (*Id.* at 1.)

4

*Inc. v. Shinkong Synthetic Fibers Corp.*, 694 F.3d 155, 158 (2d Cir. 2012). Rule 37(b)(2) provides that "[i]f a party . . . fails to obey an order to provide or permit discovery, . . . the court where the action is pending may issue further just orders." Fed. R. Civ. P. 37(b)(2)(A). The purposes of Rule 37 sanctions are three-fold:

> First, they ensure that a party will not benefit from its own failure to comply. Second, they are specific deterrents and seek to obtain compliance with the particular order issued. Third, they are intended to serve a general deterrent effect on the case at hand and in other litigation, provided that the party against whom they are imposed was in some sense at fault.

*Update Art, Inc. v. Modiin Pub., Ltd.*, 843 F.2d 67, 71 (2d Cir. 1988). Once a court determines that a party has disobeyed a discovery order, it "ha[s] a range of sanctions from which to choose," *Mohawk Indus., Inc. v. Carpenter*, 558 U.S. 100, 111 (2009), including "dismissing the action or proceeding in whole or in part," Fed. R. Civ. P. 37(b)(2)(A)(v). Although dismissal under Rule 37 "is a drastic penalty which should be imposed only in extreme circumstances," *Salahuddin v. Harris*, 782 F.2d 1127, 1132 (2d Cir. 1986) (citation omitted), it is an appropriate sanction "where a party fails to comply with the court's discovery orders willfully, in bad faith, or through fault," *John B. Hull, Inc. v. Waterbury Petroleum Prods., Inc.*, 845 F.2d 1172, 1176 (2d Cir. 1988); *see also Agiwal v. Mid Island Mortg. Corp.*, 555 F.3d 298, 302 (2d Cir. 2009) (same); *Update Art*, 843 F.2d at 71 (observing that although dismissal is a "harsh remed[y]" that "should be imposed only in rare situations," it is "necessary to achieve the purpose of Rule 37 as a credible deterrent rather than a paper tiger" (citation and quotation marks omitted)).

Courts often consider four factors in determining whether to dismiss an action under Rule 37: "(1) the willfulness of the non-compliant party or the reason for noncompliance; (2) the efficacy of lesser sanctions; (3) the duration of the period of noncompliance[;] and (4) whether the non-compliant party had been warned of the consequences of noncompliance." *Agiwal*, 555

5

F.3d at 302 (ellipsis omitted); *see also Funk v. Belneftekhim*, 861 F.3d 354, 366 (2d Cir. 2017) (listing same factors); *Dragon Yu Bag Mfg. Co. v. Brand Science, LLC*, 282 F.R.D. 343, 345 (S.D.N.Y. 2012) (same). "[T]hese factors are not exclusive," and no one factor is dispositive. *S. New Eng. Tel. Co. v. Global NAPS Inc.*, 624 F.3d 123, 144 (2d Cir. 2010).

Notwithstanding Plaintiff's repeated failures to appear for his noticed deposition—not to mention his nearly yearlong absence from this case altogether—this is not yet a case in which the exceptional sanction of dismissal under Rule 37 is warranted. As a threshold matter, Rule 37's predicate requirements—a "court order directing compliance with discovery requests, and non-compliance with that order," *Shanghai Weiyi Int'l Trade Co. v. Focus 2000 Corp.*, No. 15-CV-3533, 2017 WL 2840279, at *9 (S.D.N.Y. June 27, 2017)—have both been satisfied. As discussed above, the Court informed Plaintiff on November 29, 2022 that his rescheduled "deposition must take place by 12/15/22[,]" that there would be "[n]o more extensions," and that if "Plaintiff fail[ed] to appear again, [Defendants] may make an application for sanctions." (Order (Dkt. No. 171).) Plaintiff then failed to appear for the rescheduled deposition on December 13, 2022, and, more generally, he has not been in contact with Defendants or the Court for over ten months.

Turning to the four factors to be considered under Rule 37, the first three factors plainly weigh in favor of dismissal. First, with respect to "the willfulness of the non-compliant party or the reason for noncompliance," *Agiwal*, 555 F.3d at 302, it is clear that Plaintiff's noncompliance has been willful. "Noncompliance with discovery orders is considered willful when the court's orders have been clear, when the party has understood them, and when the party's noncompliance is not due to factors beyond the party's control." *Thompson v. Jam. Hosp. Med. Ctr.*, No. 13-CV-1896, 2015 WL 7430806, at *3 (S.D.N.Y. Nov. 20, 2015) (citation omitted).

"Willful non-compliance is routinely found, for instance, where a party has repeatedly failed to produce documents in violation of the district court's orders." *Farmer v. Hyde Your Eyes Optical, Inc.*, No. 13-CV6653, 2015 WL 2250592, at *7 (S.D.N.Y. May 13, 2015) (citation, alterations, and quotation marks omitted). Here, the Court granted an extension of discovery specifically to allow Plaintiff to be deposed and also ordered Plaintiff to sit for that deposition by December 15, 2022, and Plaintiff failed to do so or provide notice to the Court or Defendants as to why he could not appear. Moreover, Plaintiff's noncompliance is not "due to factors beyond [his] control," *Thompson*, 2015 WL 7430806, at *3, but instead due to *his* decision to abscond from supervision by the parole authorities. *See Agiwal*, 555 F.3d at 302–03 (plaintiff's willful refusal to appear at three scheduled depositions weighed in favor of dismissal); *see also Phelan v. Cambell*, 507 F. App'x 14, 15–16 (2d Cir. 2013) (summary order) (affirming dismissal of plaintiff's case where the plaintiff "willfully refused to comply with . . . the court's orders requiring [him] to submit to a deposition").

Second, with respect to the efficacy of lesser sanctions, "a court should always seek to impose the least harsh sanction that will remedy the discovery violation and deter such conduct in the future." *Farmer*, 2015 WL 2250592, at *8 (citation omitted). However, "deliberate and persistent noncompliance may render lesser sanctions inappropriate, and a district court is not required to exhaust possible lesser sanctions before imposing dismissal or default if such a sanction is appropriate on the overall record." *Id.* (citations and quotation marks omitted); *see also Shanghai Weiyi*, 2017 WL 2840279, at *12 (same). Here, as noted, Plaintiff has failed to comply with the Court's Orders because of his decision to evade the parole authorities for at least ten months. Under these circumstances, and but for the notice issue discussed *infra*, dismissal of this Action would be appropriate, as any lesser sanction would be futile. *See Naguib v. Pub.*

7

*Health Sols.*, No. 12-CV-2561, 2014 WL 3695946, at *4 (E.D.N.Y. June 16, 2014) (dismissing pro se plaintiff's case after her failure to appear at three depositions despite warnings from the court), *report and recommendation adopted*, No. 12-CV-2561, 2014 WL 3695965 (E.D.N.Y. July 24, 2014); *Cross v. Village Of Cooperstown*, No.04-CV-501, 2007 WL 3254269, at *4 (N.D.N.Y. Nov. 2, 2007) (N.D.N.Y. Nov. 2, 2007) (finding no lesser alternative to dismissal would be effective after "allowing additional time[,] . . . and warning [plaintiff]").

Third, with respect to the duration of Plaintiff's noncompliance, courts "have found noncompliance for a period of several months sufficient to warrant dismissal or default." *Urbont v. Sony Music Ent.*, No. 11-CV-4516, 2014 WL 6433347, at *3 (S.D.N.Y. Nov. 6, 2014) (citing, *inter alia*, *Phelan*, 507 F. App'x at 16 (affirming Rule 37 dismissal based on seven months of noncompliance); *Embuscado v. DC Comics*, 347 F. App'x 700, 701 (2d Cir. 2009) (summary order) (affirming Rule 37 dismissal where the plaintiff violated discovery orders over a three-month period)). Here, Plaintiff has had ten months to comply with the Court's Order, but has failed to comply or even to contact the Court or Defendants. Such a delay counsels in favor of imposing the sanction of dismissal. *See Agiwal*, 555 F.3d at 303 (affirming Rule 37 dismissal after the plaintiff defied the court's discovery orders over a span of six months); *Farmer*, 2015 WL 2250592, at *9 (finding that a plaintiff's eight-month delay "in curing his discovery deficiencies [was] sufficiently long to justify sanctions").

Although the three factors discussed above weigh in favor of imposing the sanction of dismissal, the fourth factor in the Rule 37 analysis—"whether the non-compliant party ha[s] been warned of the consequences of noncompliance," *Agiwal*, 555 F.3d at 302 (ellipsis omitted)—coupled with Plaintiff's status as a pro se litigant, preclude the Court from granting Defendants' Motion at this time.

With respect to this factor, Defendants assert the Plaintiff received an adequate warning because the Court expressly informed Plaintiff that he could face sanctions if his lack of compliance with discovery orders continued.  (Defs' Mem. of Law in Supp. of Mot. For Sanctions and To Dismiss 14 (Dkt. No. 176).)  To be sure, the Court explicitly advised Plaintiff in its November 29, 2022 Order that he could be sanctioned if he failed to sit for the rescheduled deposition.  (Order (Dkt. No. 171).)  However, the Second Circuit has long held that "[t]he severe sanction of dismissal with prejudice may be imposed even against a [pro se] plaintiff . . . *so long as a warning has been given that noncompliance can result in dismissal*."  *Valentine v. Museum of Mod. Art*, 29 F.3d 47, 50 (2d Cir. 1994) (emphasis added); *accord Guggenheim Cap., LLC v. Birnbaum*, 722 F.3d 444, 452 (2d Cir. 2013) ("Our Rule 37 precedents hold that a court abuses its discretion if it dismisses a case without first warning a *pro se* party of the consequences of failing to comply with the court's discovery orders."); *Agiwal*, 555 F.3d at 303 (affirming decision that dismissal warranted where the plaintiff had been "warned of the possibility of sanctions, *including dismissal*" (emphasis added)); *see also Murray v. Mitsubishi Motors of N. Am., Inc.*, 462 F. App'x 88, 90 (2d Cir. 2012) (summary order) (affirming Rule 37 dismissal where the plaintiff "continued to ignore the court's [discovery] orders despite the court's warning . . . that further noncompliance *could result in dismissal of the action*" (emphasis added)); *cf. Urbont*, 2014 WL 6433347, at *3 ("[S]evere sanctions like dismissal or default should be imposed *only if the party has been warned that such a sanction will follow* from continued non-compliance and has nevertheless refused to comply[.]" (emphasis added)).  Given that Plaintiff is proceeding pro se and his only warning with respect to sanctions did not specify that such sanctions could include dismissal, the Court declines to dismiss this Action pursuant to Federal Rule of Civil Procedure 37 at this time.  However, the Court hastens to add that this

9

Opinion and Order shall serve as notice to Plaintiff that any further noncompliance with this Court's orders may result in the dismissal of this Action with prejudice.

Accordingly, the Court will deny the instant Motion.[6]

### III. Conclusion

For the reasons stated above, Defendants' Motion is denied. Further, in light of Plaintiff's intransigence as discussed in this Opinion and Order, Plaintiff is hereby ordered to reschedule his deposition or otherwise show cause, by no later than 30 days from the date of this Opinion and Order, as to why this case should not be dismissed for failure to prosecute. *See Armstrong v. Guccione*, 470 F.3d 89, 102 n.1 (2d Cir. 2006) (noting that "a federal district court has the inherent power to dismiss a case *sua sponte* for failure to prosecute"). The Court may dismiss this case with prejudice without further notice in the event that good cause is not shown.

The Clerk of Court is respectfully directed to terminate the pending Motion, (Not. of Mot. (Dkt. No. 175)) and to mail a copy of this Order to Plaintiff.

---

[6] For substantially the same reasons, the Court also denies the instant Motion insofar as it seeks dismissal in the alternative under Federal Rule of Civil Procedure 41(b) for failure to prosecute. (Not. of Mot. (Dkt. No. 175).) *See Lucas v. Miles*, 84 F.3d 532, 535 (2d Cir. 1996) (explaining that a district court considering a Rule 41(b) dismissal must weigh five factors, including "whether plaintiff was on notice that failure to comply *would result in dismissal*" (emphasis added)); *Blandon v. Aitchison*, No. 17-CV-65, 2019 WL 11339747, at *1 (S.D.N.Y. June 13, 2019) (noting, with respect to pro se litigants, that "dismissal with prejudice is warranted where the court gives warning" (quoting *Jacobs v. County of Westchester*, No. 99-CV-4976, 2008 WL 199469, at *3 (S.D.N.Y. Jan. 22, 2008))).

SO ORDERED.

Dated: September 25, 2023
       White Plains, New York

_____
KENNETH M. KARAS
United States District Judge