UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

LIONEL McCRAY,

                  Plaintiff,

    v.

SUPERINTENDENT WILLIAM LEE,
WATCH COMMANDER LT. PLIMLEY,
SERGEANT KUTZ,

                  Defendants.

No. 16-CV-1730 (KMK)

ORDER

---

KENNETH M. KARAS, United States District Judge:

      Pro se Plaintiff Lionel McCray ("Plaintiff") brought this Action under 42 U.S.C. § 1983 against various Defendants, alleging violations of his constitutional rights while he was incarcerated at Green Haven Correctional Facility ("Green Haven"). (*See* Third Am. Compl. ("TAC") (Dkt. No. 97).) On September 25, 2023, the Court issued an Opinion and Order denying Defendants' Motion To Dismiss pursuant to Federal Rules of Civil Procedure ("Rules") 37 and 41. (*See* Op. & Order (Dkt. No. 184).) Although the Court denied Defendants' Motion, it also ordered Plaintiff to "reschedule his deposition or otherwise show cause, by no later than 30 days from the date of th[e] Opinion and Order, as to why this case should not be dismissed for failure to prosecute." (*Id.* at 10.)[1] On September 26, 2023, the Clerk of Court mailed a copy of the Opinion & Order to Plaintiff. (*See* Dkt. (entry for September 26, 2023).) To date, the Court has received no response from Plaintiff. (*See generally* Dkt.)

---

[1] Unless otherwise noted, the Court cites to the ECF-stamped page number in the upper-right corner of each page.

This Court has the authority to dismiss a case for failure to prosecute. *See* Fed. R. Civ. P. 41(b). Rule 41(b) of the Federal Rules of Civil Procedure provides that a case may be involuntarily dismissed if a plaintiff "fails to prosecute or to comply with these rules or a court order." While Rule 41(b) expressly addresses a situation in which a defendant moves to dismiss for failure to prosecute, it has long been recognized that a district court has the inherent authority to dismiss for failure to prosecute sua sponte. *See LeSane v. Hall's Sec. Analyst, Inc.*, 239 F.3d 206, 209 (2d Cir. 2001) (citing *Link v. Wabash R.R. Co.*, 370 U.S. 626, 630 (1962)).

Dismissal under Rule 41(b) is subject to the sound discretion of the district courts. *See U.S. ex rel. Drake v. Norden Sys., Inc.*, 375 F.3d 248, 250–51 (2d Cir. 2004). However, the Second Circuit has stated that a Rule 41(b) dismissal is a "harsh remedy to be utilized only in extreme situations," *LeSane*, 239 F.3d at 209 (quoting *Theilmann v. Rutland Hosp., Inc.*, 455 F.2d 853, 855 (2d Cir. 1972)), and has further cautioned, "pro se plaintiffs should be granted special leniency regarding procedural matters," *id.* (citing *Lucas v. Miles*, 84 F.3d 532, 535 (2d Cir. 1996)). Nevertheless, "even pro se litigants must prosecute claims diligently, and dismissal with prejudice is warranted where the court gives warning." *Jacobs v. County of Westchester*, No. 99-CV-4976, 2008 WL 199469, at *3 (S.D.N.Y. Jan. 22, 2008); *accord Blandon v. Aitchison*, No. 17-CV-65, 2019 WL 11339747, at *1 (S.D.N.Y. June 13, 2019).

Before exercising its discretionary authority to dismiss for failure to prosecute, a district court must consider the following factors:

> [1] the duration of the plaintiff's failures, [2] whether plaintiff had received notice that further delays would result in dismissal, [3] whether the defendant is likely to be prejudiced by further delay, [4] whether the district judge has take[n] care to strik[e] the balance between alleviating court calendar congestion and protecting a party's right to due process and a fair chance to be heard . . . and [5] whether the judge has adequately assessed the efficacy of lesser sanctions.

*Hardimon v. Westchester County*, No. 13-CV-1249, 2014 WL 2039116, at *1 (S.D.N.Y. May 16, 2014) (alterations in original) (quoting *LeSane*, 239 F.3d at 209); *accord Baptiste v. Sommers*, 768 F.3d 212, 216 (2d Cir. 2014) (per curiam).  No single factor is dispositive.  *See LeSane*, 239 F.3d at 210; *Hardimon*, 2014 WL 2039116, at *1.

    The Court concludes that these factors weigh heavily in favor of dismissal of this Action. Discovery in this case commenced on June 1, 2022.  (*See* Order (Dkt. No. 144).)  Plaintiff was released from Green Haven to parole supervision on or around September 14, 2022.  (*See* Dkt. No. 163.)  On October 12, 2022, the Court held a status conference with the Parties, and Plaintiff failed to appear telephonically.  (*See* Dkt. (minute entry for October 12, 2022).)  At a conference on November 4, 2022, Magistrate Judge Judith McCarthy granted Defendants' request to extend the discovery deadline to November 30, 2022 to allow for Plaintiff to be deposed.  (Letter from David Cheng, Esq. to Court (Nov. 29, 2022) ("First Dep. Letter") 1 (Dkt. No. 169).)  On November 8, 2022, Defendants sent Plaintiff a notice of deposition for November 29, 2022 at 10:00 AM.  (Decl. of David Cheng, Esq. ("Cheng Decl.") Ex. B (Dkt. No. 177-2).)

    At his scheduled deposition on November 29, 2022, Defendants' counsel and a court reporter waited for over an hour, but Plaintiff did not appear.  (*See* First Dep. Letter 1.)  That same day, Defendants submitted a letter to the Court seeking a further extension of discovery deadlines to allow for Plaintiff's deposition to be rescheduled, (*id.*), and the Court issued the following Order:

> Plaintiff's deposition must take place by 12/15/22.  If Plaintiff fails to appear again, Defense may make an application for sanctions. . . . No more extensions.  This case is six years old and needs to come to a conclusion.  The Clerk is to mail a copy of this letter to Plaintiff[,]

(Order (Dkt. No. 171).)

3

On December 1, 2022, Defendants sent Plaintiff a notice of rescheduled deposition for 10:00 AM on December 13, 2022. (Cheng Decl. Ex. D. (Dkt. No. 177-4).)[2] Plaintiff did not appear at a status conference before Judge McCarthy on December 2, 2022. (*See* Dkt. (minute entry for December 2, 2022).) Despite Defendants' counsel and a court reporter again waiting for over an hour, Plaintiff also failed to appear at the rescheduled deposition on December 13, 2022. (Letter from David Cheng, Esq. to Court (Dec. 13, 2022) 1–2 (Dkt. No. 174).) That same day, Defendants submitted a letter notifying the Court of Plaintiff's failure to appear and also providing the following information:

> [New York state parole authorities'] last contact with Plaintiff was on November 18, 2022[.] . . . Plaintiff did not answer his residence door on November 29, 2022[.] Plaintiff failed to report to the parole office as instructed on December 8, 2022, and . . . Plaintiff was not in his residence and it had been cleared of all personal items as of December 9, 2022.

(*Id.*)[3] On December 16, 2022, the Court held a status conference, and Plaintiff yet again failed to appear. (Dkt. (minute entry for December 16, 2022).)

---

[2] Defendants sent the notice of rescheduled deposition to the address provided by Plaintiff on the public docket by both certified mail and FedEx. The certified mail tracking information provided by the United States Postal Service ("USPS") indicates that the package was delivered on December 5, 2022. (Cheng Decl. Ex. E (Dkt. No. 177-5).) The tracking information provided by FedEx indicates that the package was delivered on December 6, 2022. (Cheng Decl. Ex. F (Dkt. No. 177-6).)

[3] Defendants have also received Plaintiff's parole chrono report from New York state parole authorities and provided it to the Court. (*See* Cheng Decl. Ex. G ("Chrono Report") (Dkt. No. 177-7).) According to the report, parole authorities contacted Plaintiff's roommate on December 1, 2022, and the roommate told them that he had not seen Plaintiff since Thanksgiving. (*Id.* at 3.) Parole authorities also attempted to contact Plaintiff by telephone on December 7, 2022, but his phone was no longer in working order. (*Id.* at 1.)

The Court also highlights that, on July 31, 2023, Defendants' counsel informed the Court that the authorities were still unaware of Plaintiff's whereabouts. (Letter from David Cheng, Esq. to Court (July 31, 2023) (Dkt. No. 180).)

Defendants filed their Motion To Dismiss pursuant to Rules 37 and 41 on December 16, 2022. (*See* Not. of Mot. (Dkt. No. 175).) Plaintiff did not oppose the Motion, (*see generally* Dkt.), which, as noted, the Court denied, principally because it had not specifically warned Plaintiff that failure to comply with the Court's orders could result in *dismissal* of the case, rather than *sanctions* generally, (*see* Op. & Order 8–9.)

In light of the foregoing procedural history, the Court has no difficulty finding that the first two factors in the Rule 41(b) analysis—i.e., "the duration of the plaintiff's failures" and "whether plaintiff had received notice that further delays would result in dismissal[,]" *Hardimon*, 2014 WL 2039116, at *1 (quoting *LeSane*, 239 F.3d at 209)—counsel in favor of dismissal. Plaintiff has been completely absent from this case for approximately *one year*, and he has failed to comply with both the Court's November 29, 2022 Order requiring that he sit for his deposition, (*see* Order (Dkt. No. 171)), *and* the Court's September 25, 2023 Order that he reschedule his deposition or otherwise show cause as to why this case should not be dismissed for failure to prosecute, (*see* Op. & Order 10). Moreover, the Court's September 25, 2023 Order informed Plaintiff *twice* that further noncompliance would result in dismissal of this case. (*See* Op. & Order 9–10 ("[T]his Opinion and Order shall serve as notice to Plaintiff that any further noncompliance with this Court's orders may result in the dismissal of this Action with prejudice."); *id.* at 10 ("The Court may dismiss this case with prejudice without further notice in the event that good cause is not shown [within 30 days as to why this case should not be dismissed].")).

With respect to the remaining factors, the Court finds that no sanction less than dismissal with prejudice will alleviate the ongoing prejudice to Defendants of continuing to keep this Action alleging serious constitutional violations—which has been pending since March 7, 2016,

5

(*see* Dkt. Nos. 1–2)—open. *See Ruzsa v. Rubenstein & Sendy Attys at Law*, 520 F.3d 176, 178 (2d Cir. 2010) (per curiam) ("[I]n light of [the plaintiff's] failure to respond to the notice threatening dismissal, it is . . . unclear that a 'lesser sanction' would have proved effective in this case."). The bottom line here is that, notwithstanding the ample time the Court has provided Plaintiff to reschedule and sit for his deposition or to otherwise contact Defendants or the Court– not to mention the fact that the Court denied Defendants' motion to dismiss this case as a sanction—any final resolution of the case has been delayed for nearly a year as a direct result of Plaintiff's continued intransigence. Finally, the Court emphasizes that it needs to avoid calendar congestion and, more importantly, to ensure an orderly and expeditious disposition of all cases before it. Thus, although "[t]he Court affords [Plaintiff] special consideration as a pro se litigant[,] . . . a plaintiff's pro se status should not explain or excuse disregard for or abandonment of his own lawsuit." *Hardimon*, 2014 WL 2039116, at *2.

Accordingly, this Action is dismissed with prejudice for failure to prosecute. *See Mena v. City of New York*, No. 15-CV-3707, 2017 WL 6398728, at *2 (S.D.N.Y. Dec. 14, 2017) (noting that "a pro se plaintiff is not exempt from complying with court orders and must diligently prosecute his case"); *Salem v. City of New York*, No. 16-CV-7562, 2017 WL 6021646, at *2 (S.D.N.Y. Dec. 4, 2017) ("A delay of eight months to one year in prosecuting a case falls comfortably within the time frames found sufficient in successful Rule 41(b) motions to dismiss." (internal quotation marks omitted)); *Lopez v. Cath. Charities of the Archdiocese of N.Y.*, No. 00-CV-1247, 2001 WL 50896, at *4 (S.D.N.Y. Jan. 22, 2001) (dismissing for failure to prosecute where the plaintiff "ceased to prosecute [the] action *at all*" for three months).

The Clerk of Court is respectfully directed to mail a copy of this Order to Plaintiff, and to close this case.

The Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that any appeal from this Order would not be taken in good faith, and in forma pauperis status is thus denied for the purpose of appeal.  *Cf. Coppedge v. United States*, 369 U.S. 438, 444–45 (1962).

SO ORDERED.

Dated:   October 27, 2023
        White Plains, New York

                                            KENNETH M. KARAS
                                            United States District Judge